# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JORDAN A. WOODS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:18-cv-1837-NCC |
| ) | |
| DEAN MINOR, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. On October 9, 2018, petitioner Jordan A. Woods, proceeding herein *pro se* and *in forma pauperis*, filed a petition in this Court pursuant to 28 U.S.C. § 2254.[1] Therein, he challenged an October 27, 2016 conviction entered in the 45th Judicial Circuit Court for Pike County, Missouri. As fully set forth in this Court's November 20, 2018 order, Petitioner filed the petition after the expiration of the one-year limitations period set forth in 28 U.S.C. § 2244(d). On November 20, 2018, the Court entered an order directing Petitioner to show cause why his petition should not be dismissed as untimely. In that order, the Court cautioned Petitioner that his failure to timely respond would result in the dismissal of his petition. Petitioner's response to the Court was due on December 20, 2018.

On December 12, 2018, Petitioner filed a motion seeking the appointment of counsel, and on December 28, 2018, he filed a letter stating he needed a public defender to be appointed to represent him. However, neither the motion nor the letter could be considered responsive to the Court's November 20, 2018 order. In consideration of Petitioner's *pro se* status, the Court *sua*

---

[1] The petition was docketed in this Court on October 24, 2018. However, Petitioner averred that he signed and mailed it on October 9, 2018. Applying the prison mailbox rule, *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), and giving Petitioner the benefit of the doubt, *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002), the Court determined the petition to have been filed on October 9, 2018, the date Petitioner averred he signed and mailed it.

*sponte* gave Petitioner an extension of time to respond to its November 20, 2018 order. In so doing, the Court cautioned Petitioner that his failure to timely respond would result in the dismissal of his case without prejudice and without further notice. Petitioner's response to the Court was due on January 17, 2019. To date, however, he has neither responded to the Court's order, nor sought additional time to do so.

After careful consideration, the Court concludes that the petition is time-barred. The Court will therefore summarily dismiss it pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which requires this Court to summarily dismiss a § 2254 petition if it plainly appears the petitioner is not entitled to relief. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (a district court can dismiss an untimely § 2254 petition on its own motion after giving notice to the petitioner).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because Petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No.

5) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 23rd day of January, 2019.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE